# Craven Trade Law LLC

3744 N Ashland Avenue, Chicago, Illinois 60613

David J. Craven
773-709-8506
773-245-4010
dcraven@craventrade.com

July 1, 2024

Hon. Jarrett B. Perlow, Clerk
U.S. Court of Appeals for
    the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

    Re:    La Molisana, S.p.A., Valdigrano di Flavio Pagani S.r.l. v. United States Ct. No. 2023-2060; Citation of Supplemental Authorities

Dear Mr. Perlow:

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, we hereby notify the Court of Supplemental Authority. On June 28, 2024 the U.S. Supreme Court issued its opinion in Loper Bright Enterprises et. al. v. Raimondo, 603 U.S. \_\_\_\_\_ (2024). In this opinion, the U.S. Supreme Court overruled *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837. This precedent was relied upon by defendant in this matter. At page 4-5 of its Response Defendant wrote:

> Because Congress has not mandated the precise methodology by which Commerce must identify the "foreign like product," Congress has implicitly delegated that authority to Commerce. *Id*. at 1384. Commerce has "considerable discretion" to define the "foreign like product" in an antidumping proceeding. *SKF USA Inc. v. United States*, 537 F.3d 1373, 1379 (Fed. Cir. 2008). In addition, this Court has held that Commerce's model match

Concentrating in Customs and International Trade Law

methodology is entitled to *Chevron* deference. *See Koyo Seiko Co., Ltd. v. United States*, 66 F.3d 1204, 1209 (Fed. Cir. 1995). Thus, Commerce's methodology should be upheld if it constitutes a permissible construction of that statute. *Id.* at 1209-10.

At page 17 of its Response Defendant wrote:

As discussed above, Commerce's model match methodology for defining a foreign like product is entitled to *Chevron* deference and should be upheld if it constitutes a permissible construction of the relevant statute. *See Koyo Seiko*, 66 F.3d at 1209-10.

Based on this application of *Chevron* deference, the Defendant further argued that the actions of the Department could only be overturned if there were "compelling reasons" to do so. As the Department is no longer entitled to *Chevron* deference, any "standards" which arose therefrom are also invalid and plaintiff wishes to argue this Supplemental Authority in oral argument. This notification is also timely pursuant to Rule 28(j) as it is provided within 2 business days of the release of the supplemental authority.

Respectfully submitted,

**CRAVEN TRADE LAW LLC**

By: *[signature]*

David J. Craven

Counsel to La Molisana SpA